UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

STEPHEN BAIN,

                              Plaintiff,

                -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, METROPOLITAN
TRANSPORTATION AUTHORITY, METROPOLITAN
TRANSPORTATION AUTHORITY POLICE
DEPARTMENT, LONG ISLAND RAILROAD d/b/a
MTA LONG ISLAND RAILROAD, LONG ISLAND
RAILROAD POLICE DEPARTMENT, PO ROBERT
ARONSON – shield 02300, PO DANIEL MC DADE –
shield 2020, and "JOHN DOES" (names not known and
fictitious)–Police Officers,

                          Defendants.

------------------------------------------------------------------------x

**ANSWER ON
BEHALF OF THE
CITY OF NEW YORK
AND THE NEW YORK
CITY POLICE
DEPARTMENT**

07 CIV 8021 (VM)

JURY TRIAL
DEMANDED

Defendants[1] City of New York and the New York City Police Department, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege upon information and belief, as follows:

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint.

2.      Admit.

3.      Deny the allegations set forth in paragraph "3" of the complaint, except admit that the City of New York maintains a police department.

4.      Deny the allegations set forth in paragraph "4" of the complaint, except admit that the City of New York maintains a police department.

---

[1] Upon information and belief, "PO Robert Aronson" and "PO Daniel Mc Dade" are not members of the New York City Police Department.

5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.    Deny the allegations set forth in paragraph "13" of the complaint.

14.    Deny the allegations set forth in paragraph "14" of the complaint.

15.    Deny the allegations set forth in paragraph "15" of the complaint.

16.    Deny the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

17.    Deny the allegations set forth in paragraph "17" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

19. Deny the allegations set forth in paragraph "19" of the complaint, except admit that plaintiff purports to base venue as stated therein.

20. Deny the allegations set forth in paragraph "20" of the complaint, including all subparts therein, except admit that a document purporting to be a "Notice of Claim" was received by the New York City's Comptroller's Office on or about December 12, 2006, and that no payment has been made by defendant City of New York.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint, including all subparts therein.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32.    In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36.    Deny the allegations set forth in paragraph "36" of the complaint.

37.    Deny the allegations set forth in paragraph "37" of the complaint.

38.    In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41.    Deny the allegations set forth in paragraph "41" of the complaint.

42.    Deny the allegations set forth in paragraph "42" of the complaint.

43.    In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

44.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

47.    Deny the allegations set forth in paragraph "47" of the complaint.

48.    Deny the allegations set forth in paragraph "48" of the complaint.

49.    Deny the allegations set forth in paragraph "49" of the complaint.

50.    In response to the allegations set forth in paragraph "50" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

51.    Deny the allegations set forth in paragraph "51" of the complaint.

52.    Deny the allegations set forth in paragraph "52" of the complaint.

53.    Deny the allegations set forth in paragraph "53" of the complaint.

54.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55.    Deny the allegations set forth in paragraph "55" of the complaint.

56.    In response to the allegations set forth in paragraph "56" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

57.    Deny the allegations set forth in paragraph "57" of the complaint.

58.    Deny the allegations set forth in paragraph "58" of the complaint.

59.    Deny the allegations set forth in paragraph "59" of the complaint.

60.    Deny the allegations set forth in paragraph "60" of the complaint.

61.    Deny the allegations set forth in paragraph "61" of the complaint.

62.    Deny the allegations set forth in paragraph "62" of the complaint.

63.    Deny the allegations set forth in paragraph "63" of the complaint.

64.    Deny the allegations set forth in paragraph "64" of the complaint.

65.    Deny the allegations set forth in paragraph "65" of the complaint.

66.    In response to the allegations set forth in paragraph "66" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

67.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the complaint.

68.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the complaint.

69.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the complaint.

70.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the complaint.

71.    Deny the allegations set forth in paragraph "71" of the complaint.

72.    Deny the allegations set forth in paragraph "72" of the complaint.

73.    In response to the allegations set forth in paragraph "73" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

74.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the complaint.

75.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the complaint.

76.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the complaint.

77.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the complaint.

78.    Deny the allegations set forth in paragraph "78" of the complaint.

79.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the complaint.

80.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the complaint.

81.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the complaint.

82.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the complaint.

83.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the complaint.

84.    Deny the allegations set forth in paragraph "84" of the complaint.

85.    Deny the allegations set forth in paragraph "85" of the complaint.

86.    In response to the allegations set forth in paragraph "86" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

87.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the complaint.

88.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the complaint.

89.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the complaint.

90.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the complaint.

91.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

92.    The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

93.     Defendants City of New York and the New York City Police Department have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

94.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

95.     There was probable cause and/or reasonable suspicion for plaintiff's detention and/or arrest.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

96.     Plaintiff has failed to comply with GML §50(i) and GML §50(e).

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

97.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

98.     Plaintiff has failed to comply with the conditions precedent to suit.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

99.     At all times relevant to the acts alleged in the complaint, defendants City of New York and the New York City Police Department acted reasonably, properly, lawfully and in good faith in the exercise of their discretion. Consequently, defendants City of New York and the New York City Police Department are entitled to governmental immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

100.    The New York City Police Department is not a suable entity.

**WHEREFORE**, defendants City of New York and the New York City Police Department request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        October 9, 2007

> MICHAEL A. CARDOZO
> Corporation Counsel of the
>   City of New York
> *Attorney for Defendants City of New York and the
> New York City Police Department*
> 100 Church Street, Room 3-199
> New York, New York 10007
> (212) 788-1106
>
> By: _____
>         CAROLINE CHEN (CC 5289)
>         Assistant Corporation Counsel

To:    Joseph T. Mullen, Jr. (by regular mail)
       *Attorney for Plaintiff*
       30 Vesey Street, 15th Floor
       New York, New York 10007

Index No.  07 CV 8021 (VM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN BAIN,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, METROPOLITAN
TRANSPORTATION AUTHORITY, METROPOLITAN
TRANSPORTATION AUTHORITY POLICE
DEPARTMENT, LONG ISLAND RAILROAD d/b/a MTA
LONG ISLAND RAILROAD, LONG ISLAND
RAILROAD POLICE DEPARTMENT, PO ROBERT
ARONSON -- shield 02300, PO DANIEL MC DADE –
shield 2020, and "JOHN DOES" (names not known and
fictitious)–Police Officers,

                                        Defendants.·

## ANSWER ON BEHALF OF CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT

### MICHAEL A. CARDOZO
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and the New York City Police Department*
*100 Church Street, Room 3-199*
*New York, New York 10007*

*Of Counsel:  Caroline Chen*
*Tel:  (212) 788-1106*
*NYCLIS No. 2007-029119*

*Due and timely service is hereby admitted. New York, New York    , 2007 . . .*

................................................................................ *Esq.*

*Attorney for* .......................................................

## DECLARATION OF SERVICE BY MAIL

I, CAROLINE CHEN, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on October 9, 2007, I caused to be served the **ANSWER ON BEHALF OF THE CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT**, upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney at the address set forth below, being the address designated by said attorney for that purpose:

> Joseph T. Mullen, Jr.
> *Attorney for Plaintiff*
> 30 Vesey Street, 15th Floor
> New York, New York 10007

Dated:          New York, New York
              October 9, 2007

CAROLINE CHEN