UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
STEPHEN BAIN,

                 Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW
YORK CITY POLICE DEPARTMENT,
METROPOLITAN TRANSPORTATION
AUTHORITY, METROPOLITAN
TRANSPORTATION POLICE DEPARTMENT,
LONG ISLAND RAILROAD d/b/a
MTA LONG ISLAND RAILROAD,
LONG ISLAND RAILROAD POLICE
DEPARTMENT, PO ROBERT
ARONSON - shield 02300, PO DANIEL
MCDADE - shield 2020, and "JOHN DOES"
(names not know and fictitious)- POLICE
OFFICER,

                 Defendants.
-------------------------------------------------------X

**MTA DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE TO PRODUCE DOCUMENTS AND THINGS**

07CV8021 (VM)

      Defendants, METROPOLITAN TRANSPORTATION AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, LONG ISLAND RAILROAD d/b/a MTA LONG ISLAND RAILROAD, LONG ISLAND RAILROAD POLICE DEPARTMENT, PO ROBERT ARONSON - shield 02300, PO DANIEL MCDADE - shield 2020, and "JOHN DOES" (names not known and fictitious) - Police Officers by their attorneys LEWIS JOHS AVALLONE AVILES, LLP.

      Pursuant to FRCP 34 respond to plaintiff's request for documents dated January 18, 2008 as follows:

      <u>Request #1</u>. All documents created by the Civilian Complaint Review Board

relating to the incident that is the subject of the Complaint in this action.

<u>Answer #1</u>: None as there is no Civilian Complaint Review Board relating to the MTA Police Department.

<u>Request #2</u>. All documents created by the Internal Affairs Division, Internal Affairs Unit and/or Field Internal Affairs Unit of the Metropolitan Transportation Authority Police Department with respect to the incident that is the subject of the Complaint in this action.

<u>Answer #2</u>. Attached hereto as Exhibit "A" is the Internal Affairs Bureau Investigating Officer's report from the Police Department of the Metropolitan Transportation Authority.

<u>Request #3</u>. All documents created by a member of the Metropolitan Transportation Authority Police Department that relate to the occurrence of the subject matter of the Complaint in this action.

<u>Answer #3</u>. Attached as Exhibit "B" is the MTA Police Department Incident Report 06-12112.

<u>Request #4</u>. All documents relating to any member of the Department that has been disciplined in any manner as a result of the occurrence that is the subject matter of the Complaint in this action.

<u>Answer #4</u>. No member of the department was disciplined as a result of this occurrence.

<u>Request #5</u>. All documents evidencing complaints received as to members of the Department by the Civilian Complaint Review Board, Internal Affairs, Division, Internal Affairs Units and/ or Field Internal resulting from the occurrence that is the subject matter of the Complaint in this action.

Answer #5. Attached as Exhibit "C" is a letter dated November 10, 2006 from Raymond S. King.

Request #7. All documents created by the Civilian Complaint Review Board, Internal Affairs Division, Internal Affairs Units and/or Field Internal Affairs Units as result of the Complaint made to them by plaintiff regarding the occurrence of the subject matter of the Complaint in this action.

Answer #7. Attached as Exhibit "D" are the following:

1. MTA Police Department IAB Civilian Complaint Investigation, dated November 15, 2006;

2. Report generated 11/20/06 by Internal Affairs Unit, communication from New York City Department of Internal Affairs RE: Complaint 06-39403. MTA Office of the Inspector General Report of Complaint, dated 12/28/06;

3. Checklist of items of requested by Internal Affairs Bureau for Case No.: 06-12112.

4. Letter and Subpoena to Transcare dated November 28, 2006. MTA Internal Affairs Bureau.

Request #8. All police radio recorded transmissions. Central Dispatch Record Calls and Transmissions. Recorded calls and command radio transmissions made during the time period from 11:00 p.m. on September 12, 2006 to 9:00 a.m. on September 13, 2006 relating to the incident that is the subject matter of the Complaint in this action.

Answer #8. Radio transmissions have been requested and are being placed on a CD for exchange.

Request #9. All 911 call and dispatch tapes for the same time and date period relating to the location and occurrence that are the subject of the Complaint in this action.

Answer #9. See response to Item #8.

Request #10. All command logs and officer duty and roster assignments for the same time and date period relating to the location and occurrence that are the subject of

the Complaint in this action. See Exhibit "E".

Request #11. All stand down and discharge or dismissal orders for department members who responded to, participate or otherwise involved in the incident at the time, date and location is the subject of the Complaint in this action.

Answer #11. None.

Request #12. All documents that evidence all persons injured as a result of the occurrence that is the subject of the Complaint in this action including all Department members.

Answer #12. EMS report for Stephen Bain attached as Exhibit "F"

Request #13. All documents of each member of the department that had communication or contact with the plaintiff before, during and after the occurrence is the subject of the Complaint in this action.

Answer #13. See documents previously attached as Exhibits herein.

Request #14. All provisions of the Departments Patrol Guide, in effect on the date of the occurrence that is the subject of the Complaint in this action, pertaining to the use of force, guidelines on, interact and/or transport and/or request medical attention when encounter individuals who appear to be or are believed to be intoxicated.

Answer #14. Pertinent portions of the patrol that have been requested and will be forwarded upon receipt.

Request #15. All memo book entries, by each and every member of the Department that made any such entries pertaining to the occurrence is the subject of the Complaint in this action and include the name, badge number, tax id number and present command of each author.

Answer #15. Memo books of the following are attached as Exhibit "G":
1. MTA Lieutenant Netter;
2. MTA Police Officer Prego;
3. MTA Police Sargent R. Smith;
4. MTA Sargent L. Dittrich;
5. MTA Police Officer Interdonati;
6. MTA Police Officer L. Smith;

7. MTA Police Officer McDade;

8. MTA Police Officer Aronson.

Request #16. All department/EMS records in possession, custody or control of the Department pertaining to the occurrences is the subject matter of the Complaint in this action.

Answer #16. See Exhibit "F".

Request #17. A true and complete copy of the personnel file of defendant P.O. Robert Aronson, Shield 02300.

Answer #17. The MTA Police Department will not authorize release of personnel file without authorization of Officer Aronson which is being requested.

Request #18. A true and complete copy of personnel file of defendant P.O. Daniel McDade-shield 2020.

Answer #18. The MTA Police Department will not authorize release personnel file without authorization of Officer McDade which is being requested.

Dated: Riverhead, New York
April 1, 2008

Yours, etc.

LEWIS JOHS AVALLONE AVILES, LLP
Attorneys for Defendants
METROPOLITAN TRANSPORTATION AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, LONG ISLAND RAILROAD d/b/a MTA LONG ISLAND RAILROAD, LONG ISLAND RAILROAD POLICE DEPARTMENT, PO ROBERT ARONSON - shield 02300, PO DANIEL MCDADE - shield 2020, and "JOHN DOES" (names not known and fictitious) -
21 East Second Street
Riverhead, New York 11901
631.369.7600

By: _____
Edward G. Lukoski (EL-7845)

TO:

JOSEPH T. MULLEN, JR. & ASSOCIATES
Attorneys for Plaintiff
30 Vesey Street, 15th Floor
New York, New York 10007
212.766.1177

Office of the Corporation Counsel of the City of New York
Law Department
100 Church Street, Room 3-199
New York, New York 10007
Att: Caroline L. Chen, Esq.

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF SUFFOLK )

VERONICA C. McKENNA, being duly sworn, deposes and says:

That deponent is not a party to this action, is over 18 years of age and resides in Manorville, New York.

That on the 4th day of April, 2008, deponent served the within **MTA DEFENDANTS RESPONSE TO PLAINTIFF'S NOTICE TO PRODUCE DOCUMENTS AND THINGS** upon the attorneys below set forth representing the parties, as indicated, at the addresses shown, said addresses being designated by said attorneys for that purpose, by depositing a true copy of same, enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

JOSEPH T. MULLEN, JR. & ASSOCIATES
30 Vesey Street, 15th Floor
New York, New York 10007
212.766.1177

Office of the Corporation Counsel of the City of New York
Law Department
100 Church Street, Room 3-199
New York, New York 10007
Att: Caroline L. Chen, Esq.

_____
VERONICA C. McKENNA

Sworn to before me this
4th day of April, 2008.

_____
Lois A. Skula
Notary Public, State of New York
Registration No.: 4966255
Qualified in Suffolk County
Commission Expires :May 1, 2010

| UNITED STATES DISTRICT COURT | | Year 20 |
|---|---|---|
| SOUTHERN DISTRICT OF NEW YORK | Index No. | |

Index No.

STEPHEN BAIN,

                                                                                Plaintiff,

- against -

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, METROPOLITAN TRANSPORTATION AUTHORITY, METROPOLITAN TRANSPORTATION POLICE DEPARTMENT, LONG ISLAND RAILROAD d/b/a MTA LONG ISLAND RAILROAD, LONG ISLAND RAILROAD POLICE DEPARTMENT, PO ROBERT ARONSON - shield 02300, PO DANIEL MCDADE - shield 2020, and "JOHN DOES" (names not known and fictitious) - POLICE OFFICERS,

                                                                                Defendant.

## *MTA DEFENDANTS' RESPONSES TO PLAINTIFF'S NOTICE TO PRODUCE DOCUMENTS AND THINGS*

**LEWIS ⚖ JOHS**
Lewis Johs Avallone Aviles, LLP
Counsellors at Law

*Attorneys for* Defendant

*Office and Post Office Address*
21 East Second Street • Riverhead, NY 11901
631.369.7600 • Fax 631.369.7680
FILE #:_____

**CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. § 130-1.1a**
The undersigned hereby certifies that, pursuant to 22 N.Y.C.R.R. § 130-1.1a, the contentions contained in the annexed document(s) is not frivolous nor frivolously presented

Service of a copy of the within                                                                 is hereby admitted.

Dated,

                    Attorney(s) for

Sir: Please take notice
☐ **NOTICE OF ENTRY**
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on                                                  20
☐ **NOTICE OF SETTLEMENT**
that an order                                                        of which the within is a true copy will be presented for
settlement to the HON.                                                                                                  one of the judges
of the within named court, at
on                                                  20             at                             M.

Dated,
                                                                                          *Yours, etc.*
                                                                                          **LEWIS ⚖ JOHS**
                                                                                          Lewis Johs Avallone Aviles, LLP
                                                                                          Counsellors at Law

To                                                                *Attorneys for*