Law Offices
of
## JOSEPH T. MULLEN, JR. & ASSOCIATES
30 Vesey Street, 15th Floor
New York, New York 10007
212.766.1177
212.766.1131 fax
LawyerJTMjr@aol.com

Joseph T. Mullen, Jr.

------

Neil A. Zirlin
David Friedman
Paul Ehrlich

------

August 21, 2008

**BY FAX**

Honorable Victor Marrero
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-26-08
```

Re:   Stephen Bain v. City of New York, et al.
        07 CV 8021 (VM)

Dear Judge Marrero:

    Our office represents the plaintiff Stephen Bain in the instant action.

    As Your Honor no doubt recalls, on August 1, 2008, the Court, after conferring with the parties, adjourned the instant matter to September 5, 2008 at 11:45 AM, and directed all parties to complete discovery by that time.

    On August 12, 2008, a deposition of a witness produced by the City of New York was conducted. On August 14, 2008, the deposition of the plaintiff was conducted. The parties are attempting to schedule the deposition of MTA PO Daniel McDade, one of the named defendants, during the week of August 25, 2008. I have been informed that counsel for MTA is in the process of determining the availability of MTA PO Robert Aronson, the other police officer named as defendant, (aside from "John Does") for a deposition.

    However, I anticipate the need for more depositions of the MTA, because, based on the discovery already exchanged, including the report from an MTA internal affairs investigation, in addition to Officers Aronson and McDade, there were 6 other MTA officers who were witnesses to the altercation at Penn Station involving plaintiff and the police officers.

Furthermore, in addition to the altercation between plaintiff and police officers at Penn Station, plaintiff also alleges that various MTA officers engaged in abusive behavior toward him at Bellevue Hospital. Counsel for MTA is currently in the process of determining and exchanging the names of the MTA officers who guarded plaintiff, during his stay at Bellevue.

Additionally, I have been recently informed that Dr. Bruce Edelman, the ENT specialist who treated plaintiff, in connection with his sinus fracture, does not provide expert testimony in litigation cases. Therefore, our office must retain an ENT expert to examine plaintiff. Furthermore, Dr. Steve J. Busono, the neurologist who treated plaintiff for the nerve damage in his left arm, is on vacation until September 2, 2008 and his office manager does not know whether or not he testifies in court. Thus, our office must wait until said date to determine whether or not we must retain a neurologist to examine plaintiff.

Finally, I have been informed that counsel for MTA plans to conduct defendant's physical(s) in this case.

In light of this, I respectfully request that the Court extend the time to conduct fact discovery approximately 30 days, from September 5, 2008. Additionally, to the extent that Your Honor's September 5, 2008 deadline applied to all discovery, including expert exchanges, I respectfully request an extension of 45 days, from said date, to complete expert exchanges. Counsel for the MTA has consented to this application. Counsel for the City, however, has opposed the application, and reiterated her position that her client should be let out of the case. Although I respect the City's position, I reiterated our office's position that, to let her client out, at this point, would be premature. Given the unusual circumstances of this case, involving the memory loss of plaintiff, the depositions of the MTA witnesses are especially important in determining, among other things, whether or not the City has any liability. If, upon the completion of fact discovery, it becomes clear that the City has no liability, then our office will let the City out of the case.

I certainly understand the Court's frustration with the lack of progress, prior to the most recent conference. As I stated at that conference, I am new to the plaintiff's firm and have recently been assigned this case. I have made moving this case a top priority, and am hopeful that, given additional time, all parties will complete discovery in an expeditious manner.

Respectfully,

Paul Ehrlich

cc: Corporation Counsel
Lewis, Johs. Avallone, Aviles LLP

Request GRANTED. The time for completion of all discovery in this action is extended to 10-20-08. No further extensions will be considered. The next status conference shall be on 10-24-08 at 2:45 p.m.

SO ORDERED:
8-25-08
DATE          VICTOR MARRERO, U.S.D.J.